## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   **HELENE MYLES,** | ) | |
| | ) | |
|           **Plaintiff,** | ) | |
| **v.** | ) | **CIV-13-**676-D |
| | ) | |
| 1.   **THE STATE OF OKLAHOMA** | ) | |
|     **ex rel. OKLAHOMA DEPARTMENT** | ) | |
|     **OF HUMAN SERVICES, and** | ) | |
| 2.   **DEBRA CLOUR, in her individual** | ) | |
|     **capacity as Area III Director,** | ) | |
| | ) | **Jury Trial Demanded** |
|           **Defendants.** | ) | **Attorney Lien Claimed** |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Helene Myles, and for her causes of action against the Defendants would herein allege and state as follows:

## PARTIES

1.    The Plaintiff is Helene Myles, an African American adult female residing in Oklahoma County, Oklahoma.

2.    The Defendants are:

a) The State of Oklahoma ex rel. Oklahoma Department of Human Services ("DHS"), an entity doing business in Oklahoma County, Oklahoma; and

b) Debra Clour ("Clour"), an individual employed as the Area III Director for DHS working in Oklahoma County, Oklahoma at all times relevant hereto.

## JURISDICTION AND VENUE

3.    This is a cause of action arising out of Plaintiff's employment with Defendant DHS and is based on the following claims: (1) violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 in the form of race discrimination and retaliation; (2) violation of Title VII of the Civil Rights Act of 1964 in the form of retaliation for opposing

discriminatory practices in the workplace and filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"); (3) violation of Plaintiff's Fourteenth Amendment constitutional right to equal protection of the laws made actionable by 42 U.S.C. § 1983; (4) violation of the FMLA; (5) violation of Oklahoma state law affording State employees leave consistent with the FMLA; and (6)  violation of the Oklahoma Anti-Discrimination Act in the form of age discrimination.   Plaintiff's constitutional injuries were caused by state actors.

4.      Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims as they arise out of the same core of operative facts pursuant to 28 U.S.C. § 1367(a).

5.      Plaintiff has exhausted her administrative remedies as to the above-listed claims by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff timely filed an EEOC Charge on or about January 16, 2013.  The EEOC issued a Notice of Right to Sue dated April 5, 2013 which was received by Plaintiff thereafter.  Plaintiff timely filed this Complaint within ninety (90) days of receipt of the EEOC Notice of Right to Sue.

6.      In addition, on or about October 10, 2013 and on or about March 11, 2013, Plaintiff filed complaints with the Oklahoma Office of Civil Rights Enforcement ("OCRE"). And, the EEOC Charge filed on or about January 16, 2013 was concurrently filed with the OCRE.  The OCRE issued a Notice of Right to Sue dated June 11, 2013, and Plaintiff received such notice thereafter.  This Complaint is timely filed within ninety (90) days of Plaintiff's receipt of such notice.

7.      Plaintiff also issued a Notice of Governmental Tort Claim on or about July 1, 2013.  Such notice is currently pending.

8.     The Defendants are located in Oklahoma County and can be served in such county.  All acts complained of occurred in Oklahoma County.  Oklahoma County is located within the Western District for the United States District Courts of Oklahoma, wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

9.     Plaintiff, who is a Black female, was born in 1959, making her over forty (40) years of age at all times relevant. Plaintiff began her employment with DHS in or around August 1980 as a Customer Service Representative II.

10.     Throughout her thirty-two (32) years of employment with DHS (and eleven (11) years as a supervisor), Plaintiff's job performance was at least satisfactory, if not excellent.  In fact, in or around 2000 Plaintiff was promoted to Administrative Technician IV, a supervisory position.

11.     On or about May 23, 2011, Plaintiff was temporarily re-assigned to another county office for sixty (60) days.  Plaintiff was told the reason for her reassignment was to investigate an employee complaint, but she was not given any further details.  In carrying out the reassignment, DHS's policies regarding this discipline were not followed.

12.     After six (6) days in the new assignment, Plaintiff took FMLA leave due to serious health conditions, including but not limited to stress and headaches. Plaintiff used FMLA leave for approximately three (3) weeks.

13.     Upon returning to work from FMLA leave, Plaintiff was told to complete the remaining fifty-four (54) days of her temporary re-assignment. After working a few weeks in the re-assignment, Plaintiff went on FMLA leave a second time again due to stress and headaches.

14.     Due to her reassignment, on or about July 12, 2011, Plaintiff filed with the

3

EEOC based on race and gender discrimination.

15.     On or about July 25, 2011,  Plaintiff was placed on a twenty (20) day suspension with pay.  Plaintiff was told  by County Director Cassandra Fowler the alleged reason for the suspension was that the investigation into the employee complaint was not completed.

16.     On or about August 19, 2011, Plaintiff returned from suspension and was told she had to continue working in the re-assigned capacity until further notice.

17.     Plaintiff filed an internal grievance alleging a continuation of discrimination, harassment, unfair treatment, and retaliation for use of medical leave. Defendant Clour (who is White), who was at that time Area III Director of the Field Operation Division, was the Step Two decision-maker on this grievance.  Defendant Clour was previously aware of Plaintiff's reassignment and suspension, as Clour was sent copies of correspondence to Plaintiff notifying her of these actions.  On or about November 21, 2011, Defendant Clour denied Plaintiff's grievance.  Clour stated that an investigator determined there was no prima facie case of discrimination or harassment, and that Plaintiff would not receive a written report of such findings.

18.     On or about January 18, 2012, Plaintiff was demoted to Administrative Technician III by Defendant Clour.  Plaintiff was also placed on a Corrective Action Plan for ninety (90) calendar days.  As a result of the demotion, Plaintiff suffered a decrease in pay by losing the merit pay raises she had accumulated during her more than thirty (30) years of employment with Defendant DHS.  The reason given for the demotion was alleged micro-management and mistreatment of staff.  However, such reason was false.  For instance, Plaintiff was accused of embarrassing an employee by asking for a doctor's note when the employee requested time off work.  Such request was in accordance with DHS's policies and

procedures.

19.     The reasons for Plaintiff's demotion were merely pretext for unlawful discrimination and retaliation.  Thus, on or about April 26, 2012, Plaintiff filed with the EEOC based on race discrimination and retaliation.

20.     Since her demotion and EEOC filings, Plaintiff has consistently applied for non-supervisory positions with DHS, but has been denied, even where Plaintiff has more seniority, qualifications and experience than the selected candidates.  For instance, on or about May 3, 2012, Plaintiff interviewed for an Administrative Assistant II position.  Plaintiff was notified of the denial of the promotion by email from County Director Jeri Poplin (who is White) on or about May 10, 2012.  Plaintiff received no explanation as to why she was not selected for the position.  Upon information and belief, the selected candidate was a non-African American female.

21.     On or about June 4, 2012, Plaintiff filed an internal grievance with DHS alleging race discrimination as the motivation for the denial of the promotion.  Plaintiff was informed the grievance concluded on or about July 28, 2012.  The denial of the promotion was upheld.

22.     On or about October 5, 2012, Plaintiff filed with the EEOC, based on race discrimination and retaliation for the denial of the promotion.

23.     On or about October 8, 2013, Plaintiff appealed to the Merit Protection Commission, since she did not receive an adequate explanation from the conclusion of her internal grievance with DHS.  The appeal was dismissed on or about November 13, 2012.

24.     Plaintiff then interviewed on or about January 9, 2013 for nine (9) available Administrative Assistant III positions.  On or about January 16, 2013, Plaintiff was notified she had not been selected for any of the positions.  No explanation was given as to why she

was not selected.

25.     The nine (9) employees selected for the promotion had significantly less experience and qualifications than Plaintiff.  None of the selected candidates had been employed with Defendant DHS as long as Plaintiff.  In fact, the selected candidates were all employed with Defendant DHS less than seven (7) years. And, most of the selected candidates do not have a college degree, although Plaintiff holds an associates degree.  Upon information and belief, a majority of the selected candidates are White, and all but one (1) were significantly younger than Plaintiff.  In fact, one of the selected candidates was a White male who was previously promoted twice.  He received his first promotion after his first year of employment and the next promotion after fourteen (14) months of employment.

26.     As a result of the denial of the promotion, Plaintiff filed with the OCRE on or about February 4, 2013 for race discrimination and retaliation. She also filed with the EEOC on or about April 5, 2013 alleging race discrimination, age discrimination, and retaliation after being denied two (2) promotions by DHS.

27.     Two (2) other Black females were not selected for one of the available Administrative Assistant III positions.  Both individuals are over the age of forty (40) and had more seniority and experience than the selected candidates.

28.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

## COUNT I - Title VII (Race)

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

29.     This count goes against Defendant DHS only.

30.     The matters alleged above constitute violations of Title VII of the Civil Rights

Act of 1964, in the nature of race discrimination and retaliation.

31.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

### COUNT II - 42 U.S.C. § 1981

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

32.     This count goes against Defendant Clour only.

33.     The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination and retaliation.

34.     As damages, Plaintiff has suffered lost earnings, past and future, and emotional distress.

35.     Because the actions of the individual Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991 and by 42 U.S.C. §1981.

### COUNT III - Title VII (Retaliation)

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

36.     This count goes against Defendant DHS only.

37.     The matters alleged above constitute a violation of Title VII of the Civil Rights Act of 1964 for retaliating against Plaintiff for opposing discriminatory practices within the workplace and for filing a Charge of Discrimination with the EEOC.

38.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of

7

1991.

## COUNT IV - 42 U.S.C. § 1983 (Equal Protection)

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

39.     This count goes against Defendant Clour only.

40.     Defendant Clour acted under the color of her authority in a manner which deprived Plaintiff and others of her constitutional right to equal protection.  Such actions are in violation of Plaintiff's Fourteenth Amendment rights which were clearly established at the time of the actions in question.  Therefore, Defendant Clour is liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

41.     The actions listed above have caused a physical, mental and emotional injury to the Plaintiffs in an amount to be determined by the jury.

42.     To the extent that the actions of any individual Defendant are deemed willful or deliberately indifferent, then punitive damages are available, and should be assessed against each such person.

## COUNT V - FMLA

For her fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

43.     This count goes against Defendants DHS and Clour.

44.     The matters alleged above constitute retaliation for Plaintiff's use or attempted use of medical leave in contradiction of the Family and Medical Leave Act.

45.     Plaintiff was entitled to medical leave because he suffered from a serious health condition and worked for DHS, an entity with more than 50 employees within a 75 mile radius of Plaintiff's work site, for more than one (1) year and for more than 1,250 hours

8

within the one year prior to her need for leave.

46.    Defendants retaliated against Plaintiff for using medical leave by demoting Plaintiff.

47.    As the direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and is entitled to recovery of all damages or other relief allowed by the FMLA.

### COUNT VI - Violation of Right to FMLA under Oklahoma State Law

For her sixth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

48.    This count goes against all Defendants.

49.    The matters alleged above constitute violations of Plaintiff's rights to family and medical leave under Oklahoma state law, Okla. Stat. tit. 74 § 840-2.22 and OPM 530:10-15-45.

50.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and is entitled to recovery of all damages or other relief allowed by Oklahoma state law.

### COUNT VII - Age

For her seventh cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

51.    This count goes against Defendant DHS only.

52.    The matters alleged above constitute violations of the Oklahoma Anti-Discrimination Act in the form of age discrimination.

53.    Plaintiff is entitled to relief under the OADA because, at all times relevant to this action, she was over the age of forty (40), was satisfactorily performing her job, she was passed over for promotion in favor of significantly younger individuals, she was demoted and

replaced by a person significantly younger than her, and she was treated less favorably that similarly situated, younger employees.

54.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the OADA, including attorneys fees and costs.   Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct.

**PRAYER**

**WHEREFORE THE PLAINTIFF** prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and award actual damages, compensatory damages, liquidated damages, punitive damages against the individual, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 1st DAY OF JULY, 2013.**

<br>

s/Jana B. Leonard
**JANA B. LEONARD, OBA# 17844**
**SHANNON C. HAUPT, OBA # 18922**
**LAUREN W. JOHNSTON, OBA # 22341**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, OK 73139**
**(405) 239-3800      (telephone)**
**(405) 239-3801       (facsimile)**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

10
