IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HELENE MYLES,                          )
                                       )
            Plaintiff,                 )
                                       )
     v.                                )    Case No. CIV-13-676-D
                                       )
THE STATE OF OKLAHOMA                  )
ex rel. OKLAHOMA DEPARTMENT            )
OF HUMAN SERVICES, and                 )
DEBRA CLOUR, in her individual         )
capacity as Area III Director,         )
                                       )
            Defendants.                )

**ORDER**

Before the Court is the Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support of Defendant Debra Clour [Doc. No. 32]. Defendant Clour seeks dismissal of Counts II and IV of the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Plaintiff has filed a Response [Doc. No. 34] and Defendant Clour has filed a Reply [Doc. No. 35]. The matter is fully briefed and at issue.

**I.    The Factual Allegations of the Second Amended Complaint**[1]

Plaintiff, an African American female, has been an employee of the Oklahoma Department of Human Services (DHS) for approximately 32 years. Plaintiff's claims arise out of allegedly adverse employment actions taken against her during the time period May 2011 through January 2013 while employed by DHS.

---

[1]The Court treats the factual allegations of the Second Amended Complaint as true and construes those allegations in the light most favorable to Plaintiff.

In May 2011, Plaintiff received a sixty-day temporary reassignment to another county office. She was told the reassignment was due to the need to investigate an employee complaint. After six days, Plaintiff took FMLA leave for a period of approximately three weeks due to health issues. When Plaintiff returned, she resumed work under the temporary reassignment. Plaintiff went on FMLA leave a second time during the reassignment period.

On July 12, 2011, Plaintiff filed charges with the EEOC alleging race and gender discrimination based on the temporary reassignment. On July 25, 2011, Plaintiff was placed on a twenty-day suspension with pay and was told the reason for the suspension was that the investigation of the employee complaint was not complete.

On August 19, 2011, Plaintiff returned from suspension and was told she would remain on the temporary reassignment until further notice. At some point thereafter, Plaintiff filed an internal grievance. She alleged "a continuation of discrimination, harassment, unfair treatment, and retaliation for use of medical leave." Second Amended Complaint at ¶ 17.

On November 21, 2011, Defendant Clour (who is White) denied the grievance. She stated that upon investigation there was no prima facie case of discrimination or harassment. Plaintiff alleges Defendant Clour was aware of Plaintiff's reassignment and suspension because Clour was "sent copies of correspondence to Plaintiff notifying her of these actions." *Id*.

Thereafter, on January 18, 2012, Defendant Clour demoted Plaintiff and placed her on a "Corrective Action Plan." Second Amended Complaint at ¶ 18. The stated reason for the demotion was Plaintiff's micro management and mistreatment of staff. Plaintiff alleges this stated reason is false. The demotion resulted in a loss in pay.

Plaintiff further alleges that since the demotion she has applied for but been denied "non-

supervisory positions" with the DHS. Plaintiff does not allege facts demonstrating that Defendant Clour was involved in or had knowledge of the denial of Plaintiff's applications for these positions.

## II. Plaintiff's Claims Against Defendant Clour

Based on the above factual allegations, in Count II of the Second Amended Complaint Plaintiff brings claims against Defendant Clour for racial discrimination and retaliation pursuant to 42 U.S.C. § 1981. In Count IV, Plaintiff brings a claim for racial discrimination pursuant to 42 U.S.C. § 1983 alleging a violation of her equal protection rights under the Fourteenth Amendment to the United States Constitution.[2] As set forth below, the elements of a prima facie case of racial discrimination are the same whether the claims are brought pursuant to 42 U.S.C. § 1981 or 42 U.S.C. § 1983. Therefore, those claims are addressed together. The § 1981 retaliation claim is addressed separately.

## III. Standard Governing Motions to Dismiss

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the inference the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing a motion to dismiss, the Court accepts as true the plaintiff's well-pleaded facts and construes them in the light most favorable to the plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).

---

[2]The claims brought in Counts I and III are alleged solely against DHS.

3

## IV. Discussion

### A. The Personal Participation Requirement

Plaintiff's claims are brought against Defendant Clour in her individual capacity. To impose liability on an individual employee under 42 U.S.C. §§ 1981 and 1983, a plaintiff must show that the individual defendant was personally involved in the alleged discrimination or that an affirmative link exists to causally connect the actor with the alleged discrimination. *Allen v. Denver Public School Board*, 928 F.2d 978, 983 (10th Cir. 1991), *disapproved on other grounds*, *Kendrick v. Penske Trans. Services, Inc.*, 220 F.3d 1220, 1228 (10th Cir. 2000); and *Flores v. City and County of Denver*, 30 Fed. Appx. 816, 819 (10th Cir. Feb. 2, 2002) (addressing § 1981); *Hull v. Colorado Bd. of Governors of Colorado State University System*, 805 F.Supp.2d 1094, 1104-05 (D. Colo. 2011) (addressing § 1983) (*citing Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996)).

In the Second Amended Complaint, Plaintiff identifies a number of allegedly adverse employment actions. However, the only employment actions in which she alleges Defendant Clour's personal participation or an affirmative link causally connecting Defendant Clour to the alleged employment actions are Defendant Clour's denial of Plaintiff's internal grievance and Defendant Clour's decision to demote Plaintiff. *See* Second Amended Complaint, ¶¶ 17, 18. It is this conduct, therefore, that frames the analysis.

### B. Plaintiff's Claims of Racial Discrimination

"In racial discrimination suits, the elements of a plaintiff's case are the same whether that case is brought under §§ 1981 or 1983[.]" *Carney v. City and County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) (internal quotations and citation omitted). To establish a prima facie case, the plaintiff must show "(1) membership in a protected class, 2) adverse employment action, and 3)

4

disparate treatment among similarly situated employees." *Id.* (*quoting Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005)). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

Plaintiff has alleged facts to show she is a member of a protected class. While the denial of Plaintiff's internal grievance does not constitute an adverse employment action, the allegations regarding Plaintiff's demotion and resulting decrease in pay, for purposes of ruling on Defendant Clour's motion to dismiss, plausibly state a claim of adverse employment action. *See Jones v. Oklahoma City Public Schools*, 617 F.3d 1273, 1279 (10th Cir. 2010) (noting that the phrase "adverse employment action" is liberally defined and context specific and includes "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits") (citation and internal quotations omitted).

Plaintiff's allegations fail, however, on the third prong of the analysis. Plaintiff alleges no facts to demonstrate disparate treatment among similarly situated employees arising from Defendant Clour's personal participation in adverse employment actions. *See Khalik*, 671 F.3d at 1194 (finding dismissal of racial discrimination claim proper where, inter alia, the complaint contained "no allegations of similarly situated employees who were treated differently"). Accordingly, the Court finds that Plaintiff has failed to state plausible claims for relief on grounds of a racially discriminatory demotion under 42 U.S.C. §§ 1981 and 1983.

C.  **Plaintiff's Claim of Retaliation**

To establish a retaliation claim under § 1981, a plaintiff must establish that retaliation played a part in the employment decision either by directly showing that retaliatory animus played a motivating part in the employment decision *or* by showing that 1) the plaintiff engaged in protected opposition to discrimination; 2) a reasonable employee would have found the challenged action materially adverse; and 3) a causal connection exists between the protected activity and the materially adverse action. *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011).

In the Second Amended Complaint Plaintiff alleges that she engaged in protected opposition to discrimination and that a reasonable employee would have found demotion to be a materially adverse employment action. With respect to the requirement that Plaintiff demonstrate a causal connection between protected activity and her demotion, Plaintiff has alleged several potentially retaliatory actions closely following her protected activity. She alleges that on or about July 12, 2011 she filed an EEOC charge of discrimination and that on or about July 25, 2011, she was placed on a twenty-day temporary suspension. *See* Second Amended Complaint at ¶¶ 14 and 15. Following her return from the suspension, on or about August 19, 2011, Plaintiff was told that she had to continue working in her reassigned capacity until further notice. *Id.* at ¶ 16. Plaintiff then alleges the filing of an internal grievance "alleging a continuation of discrimination, unfair treatment, and retaliation for use of medical leave." *Id.* at ¶ 17. Plaintiff does not allege when this grievance was filed, *see id.* at ¶ 17, but she does allege that Defendant Clour denied the grievance on or about November 21, 2011, stating that the investigator determined there was no *prima facie* case of discrimination or harassment. *Id.* Plaintiff then alleges that she was demoted by Defendant Clour on or about January 18, 2012, approximately three months after Clour denied Plaintiff's internal

6

grievance, and that the reason or reasons for the demotion were false. *Id*. at ¶ 18. Due to the proximity between Defendant Clour's denial of Plaintiff's internal grievance and Clour's demotion of Plaintiff, Plaintiff has alleged facts sufficient to plausibly show a causal connection between her protected activity and the materially adverse employment action of demotion. Plaintiff also alleges facts sufficient to show Defendant Clour's knowledge of Plaintiff's protected activity and her personal participation in the allegedly retaliatory action of demotion. Thus, Plaintiff has stated a plausible claim for § 1981 retaliation.

        D.      **Qualified Immunity**

Defendant Clour also asserts that she is entitled to qualified immunity on both Plaintiff's § 1981 and § 1983 claims. At the Rule 12(b)(6) stage, qualified immunity protects defendants performing discretionary functions from individual liability unless, on the face of the complaint, the plaintiff alleges the violation of "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).

As set forth, construing the allegations of the Second Amended Complaint in the light most favorable to Plaintiff, no plausible claim of discrimination has been stated under 42 U.S.C. §§ 1981 and 1983 and, therefore, Defendant Clour is entitled to qualified immunity as to those claims.

However, Defendant Clour is not entitled to qualified immunity on Plaintiff's surviving § 1981 claim for retaliation. Plaintiff has alleged facts sufficient to state a plausible claim for relief based on retaliation and there is no question that the statutory right not to be subjected to retaliation because of protected activity was clearly established at the time Defendant Clour is alleged to have demoted Plaintiff.

## V. Conclusion

Based on the analysis set forth above, the Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support of Defendant Debra Clour [Doc. No. 32] is GRANTED in part and DENIED in part. Defendant's motion to dismiss Plaintiff's § 1981 race discrimination claim (part of Count II) and Plaintiff's § 1983 race discrimination claim (Count IV) is GRANTED. Defendant's motion to dismiss Plaintiff's § 1981 retaliation claim (part of Count II) is DENIED.

IT IS SO ORDERED this 8th day of May, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE